In the Matter of the Estate of WALTER MACK, Deceased.

Surrogate's Court, Niagara County, January 14, 1932.

*Tuttle, Rice & Stockwell [Robert L. Rice, Jr.,* of counsel], for the administratrix.

*Parker & Parker,* for the claimant.

GOLD, S.   Walter Mack died intestate in the city of Niagara Falls, county of Niagara, N. Y., on the 12th day of June, 1930. He resided at No. 409 Hyde Park boulevard in the said city, in a house consisting of two flats, the upper one of which was occupied by Mr. and Mrs. Jerry Simmons, and the lower one by Walter Mack and Bessie Mack, his wife, Amanda Morgan, his mother-in-law, and Goldie Carter, a cousin of his wife.

Amanda Morgan has filed a claim with Rose Harrison, as administratrix, in the sum of $1,760, composed of the following items:

Money loaned to decedent between April 1, 1924, and
   June 11, 1930. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $560 00
Services as housekeeper, cook and laundress in the home
   of decedent from April 1, 1924, to June 11, 1930, at
   $15 a week. .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,200 00

The said claim was duly and properly rejected by the said administratrix.

From the evidence it appears that the claimant purchased a storm house for decedent's premises, for which she paid twenty dollars, and also loaned to decedent the sum of twenty-five dollars. That is the only evidence submitted as to moneys loaned.

I, therefore, allow said items and disallow the balance of the claim for money loaned.

The claimant offered evidence to show that she worked every morning at the Strand Theatre, for which she received compensation, and stated that every afternoon and evening she did housework for decedent. The parties all lived in the same flat. Mr. Mack was a laborer and received a laborer's wages. Mrs. Mack worked out and there is some testimony that she earned from three dollars to four dollars a day, although that testimony is indefinite.

During all the time the claimant claims to have worked for decedent, she rented a room in the flat, for which she paid decedent seven dollars per month. Another roomer claims to have paid from twelve dollars to fifteen dollars a month for a room in the same flat.

There is no evidence whatever of any agreement between decedent and claimant, whereby decedent was to pay claimant for any services rendered. The claimant states that because she did certain work she should be paid for the same. That is not always true.

Here is a case where a man, his wife and his mother-in-law lived in the same flat from the 1st day of April, 1924, to the date of the death of decedent, to wit, June 12, 1930. The mother-in-law had done certain work in and around the flat but never received any pay for it. There was no evidence of a promise to pay during his lifetime nor at the time of the death of the son-in-law. After his death a claim was presented for services as housekeeper, cook and laundress, which was rejected. The son-in-law worked as a laborer and earned laborer's wages. If he had continued to live and the claimant had continued to live with the family, would she have kept piling up a bill against him from week to week and expect to be paid for the same? If decedent did not owe claimant anything while living, and there was no agreement to pay her at the time of his death, then any claim presented after his death is invalid. Her claim is aggravated by the fact that she paid room rent from month to month during the time she roomed there. If there was money due and owing to her, she would not have paid money to him each month.

It must be remembered that another roomer paid twelve dollars

to fifteen dollars a month for a room in the same flat. I must reach the conclusion that a concession in amount of room rent was made to claimant because of certain things which she did around the house.

" The law is too well settled to require citations that claims against estates must bear careful scrutiny by courts and be allowed only when they measure up and satisfy a rigid rule of caution." (*Matter of Carroll*, 136 Misc. 245.)

When a claimant against an estate is a member of decedent's family, the law will not imply a promise to pay for the services rendered for the benefit of said decedent, and in the absence of an express promise to pay for the services, the claim should be rejected. (*Collyer* v. *Collyer*, 113 N. Y. 442; *Lynn* v. *Smith*, 35 Hun, 275.)

Under all the facts submitted, I find that the claimant has no valid claim against the estate of decedent for work alleged to have been performed as housekeeper, cook and laundress.